IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREMY KYLE MEDLEY, DAVID BERDAN, WILLIAN BURTON, WESLEY ELLNER, RONNIE GONZALES, TYSON HALES, ROGER MCKINNON, JEREMY KYLE MEDLEY, The Estate of CORY NEILSEN, TRICIA NEILSEN for herself and as Guardian Ad Litem of JACE G. NEILSEN and HAYLEE K. NIELSEN, GORDEN NIELSEN, PAULA NIELSEN, The Estate of SHANE STANSFIELD, MICAH STANSFIELD, SHIRLEY STANSFIELD, TERRY STANSFIELD, and CHARLES WHITTEN,<br><br>    Plaintiffs,<br><br>vs.<br><br>RAG AMERICAN COAL, a Delaware corporation, RAG AMERICAN COAL HOLDING, a Delaware corporation, RAG INTERNATIONAL AG, MENCON MINING AND ENVIRONMENTAL, a Utah corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND<br><br><br>Case No. 2:05-CV-353 TS |

1

This matter comes before the Court on Plaintiffs' Motion for Remand. Plaintiffs seek remand because Defendants removed this case more than one year after the time of its commencement in violation of 28 U.S.C. § 1446(b). Defendants request that this Court adopt an "equitable exception" to Section 1446(b). As the Court is unwilling to deviate from the plain language of Section 1446(b), the Court will deny Defendants' request to adopt an "equitable exception" and will grant Plaintiffs' Motion for Remand.

## I.  BACKGROUND

This case has a complex and involved history which is important in understanding the Motion currently before the Court. Plaintiffs filed their first Complaint in the Seventh District Court for Carbon County, Utah on July 29, 2002. That Complaint named a number of RAG Defendants. The Complaint was amended on January 7, 2003, and other defendants were added, including Utah Railway Co., a Utah business. The Amended Complaint was served on RAG Defendants on April 1, 2003. The RAG Defendants removed the case to U.S. District Court by Notice on April 8, 2003. The RAG Defendants alleged that Utah Railway was fraudulently joined and Plaintiffs voluntarily dismissed Utah Railway, thereby creating complete diversity and allowing the case to stay in federal court.

Plaintiffs later moved to file a Second Amended Complaint and sought to add Mencon, a Price, Utah consulting company as a defendant. This amendment would have the effect of defeating diversity jurisdiction. RAG Defendants opposed Plaintiffs' Motion to Amend claiming that Plaintiffs had no claim against Mencon. On December 19, 2003, Judge Cassell granted Plaintiffs Motion to Amend and remanded the case to state court because complete diversity no

longer existed.[1] In his Order, Judge Cassell specifically ruled on RAG's contention that Mencon's joinder was fraudulent. Judge Cassell stated that "[b]ecause a cause of action against Mencon has been stated, this court cannot conclude the joinder is fraudulent."[2] The case was then remanded to state court.

Upon remand and after some discovery—although the parties disagree as to how much discovery was actually conducted—Mencon filed a Motion for Summary Judgment. Plaintiffs eventually stipulated to Mencon's Motion for Summary Judgment and all claims against Mencon were dismissed. After Mencon's dismissal, complete diversity arose once again and Defendants sought removal for the second time.

Plaintiffs have filed this Motion for Remand claiming that removal is barred by the one-year provision of 28 U.S.C. § 1446(b). Defendants oppose this Motion and argue that the Court should adopt an "equitable exception" to Section 1446(b) which has been recognized by some courts.

## II. DISCUSSION

The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[3] Further, that court has stated that "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[4]

---

[1] 2:03-CV-325 PGC (Docket No. 55).

[2] *Id*.

[3] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[4] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).
...

28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1322 of this title more than 1 year after commencement of the action*. (emphasis added).

Courts have split over the interpretation of this section. A number of courts—including the Fifth Circuit—have read into this provision an equitable exception which would allow a court to retain jurisdiction if justice so requires.[5] On the other hand, a number of courts have relied on

---

[5] *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428–29 (5th Cir. 2003); *Johnson v. Heublein, Inc.*, 982 F.Supp. 438, 444–45 (S.D. Miss. 1997); *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1367 (N.D. Ala. 1997); *Leslie v. BancTec Serv. Corp.*, 928 F.Supp. 341, 346 (S.D.N.Y. 1996); *Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F.Supp. 945, 950–51 (S.D. Miss. 1995); *Saunders v. Wire Rope Corp.*, 777 F.Supp. 1281, 1282–83 (E.D. Va. 1991); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597, 600 (S.D. Ind. 1989).

the plain language of the statute and have rejected the concept of an equitable exception.[6]  The Tenth Circuit has been silent on this issue.

This Court agrees with the reasoning of those courts which have rejected an equitable exception.  Section 1446(b) is clear.  As one court has stated: "The statute says what it says."[7]  Under that provision, a case may not be removed on the basis of diversity jurisdiction more than one year after the action was commenced.  It is for Congress, not this Court, to create an equitable exception to Section 1446(b).

Defendants also argue that Section 1446(b) is only applicable to those cases which were originally non-removable.  Defendants argue that this case was originally removable because the non-diverse parties were fraudulently joined.  Once these parties were dismissed, the case was removed.  There is a split of decision as to whether Section 1446(b) is applicable to those case which were originally non-removable.  Plaintiff argues that this does not matter because the case was originally not subject to removal.

---

[6]*See Caudil v. Ford Motor Co.*, 271 F.Supp. 2d 1324, 1328 (N.D. Okla. 2003); *Codner v. Am. Home Products Corp.*, 123 F.Supp. 2d 1272, 1274 (W.D. Okla. 2000); *Hattaway v. Englehard Corp.*, 998 F.Supp. 1479, 1481–82 (M.D. Ga. 1998); *Russaw v. Voyager Life Ins. Co.*, 921 F.Supp. 723, 724–25 (M.D. Ala. 1996); *Zumas v. Owens-Corning Fiberglass Corp.*, 907 F.Supp. 131, 133–34 (D. Md. 1995); *Price v. Messer*, 872 F.Supp. 317 (S.D. W.Va. 1995); *Norman v. Sundance Spas, Inc.*, 844 F.Supp. 355, 356–57 (W.D. Ky. 1994); *Santiago v. Barre Nat'l Inc.*, 795 F.Supp. 508, 510–12 (D. Mass 1992); *Brock v. Syntex Laboratories, Inc.*, 791 F.Supp. 721, 722–23 (E.D. Tenn. 1992); *Cofer v. Horsehead Research & Dev. Co.*, 805 F.Supp. 541, 544 (E.D. Tenn. 1991); *O'Rourke v. Communique Telecommunications, Inc.*, 715 F.Supp. 828, 829 (E.D. Mich. 1989).

[7]*Jones Management Services, LLC v. KES, Inc.*, 296 F.Supp. 2d 892, 894 (E.D. Tenn. 2003).

Looking at the original Complaint, there are a number of non-diverse parties. Those parties were eventually dismissed. But when the case was originally filed, the non-diverse Defendants were included and therefore the case was not subject to removal. Therefore, Defendants' argument fails.

Since Defendants are seeking to remove this case later than one year after commencement of the action, this case must be remanded.

### III.  CONCLUSION

The Court therefore

ORDERS that Plaintiffs' Motion for Remand is GRANTED.

DATED   September 28, 2005.

                              BY THE COURT:


                              _____
                              TED STEWART
                              United States District Judge